UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LAUFER GROUP INTERNATIONAL, LTD.,

                                     **Plaintiff,**                          24-CV-7855 (ALC) (VF)

           -against-                                                **ORDER**

PINNACLE CLOTHING INC.,

                                     **Defendant.**

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On June 9, 2025, Plaintiff indicated that it had issued interrogatories, document requests, and requests for admission to Defendant on April 15, 2025, but Defendant had failed to respond. See ECF No. 17. The Court held a conference to address the issue on June 23, 2025, and Defendant did not dispute that it had not responded to any of the discovery served on it by Plaintiff. Plaintiff, in its June 9 letter, sought an award of fees for having to bring the instant dispute to the Court's attention. ECF No. 17 at 2.

      As it concerns Plaintiff's Requests for Admission, the requests are admitted given Defendant's failure to respond within 30 days. See Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). The Court reviewed the requests (see ECF No. 21-1) and the requests are proper in that they are factual in nature and seek admissions of fact, such as whether Defendant entered into a Credit & Security Agreement with Plaintiff or whether Defendant disputed the correctness of the invoices provided by Defendant. See Cement & Concrete

Workers District Council Welfare Fund v. Manny P. Concrete Co., Inc., 2025 WL 2025495, at *3 (2d Cir. July 21, 2025). The two requests that Defendant points to as improper (see ECF No. 20 at 1) are still primarily factual in nature and at most involve the application of law to fact, which is permitted under Federal Rule of Civil Procedure 36. See Fed. R. Civ. P. 36(a)(1).

Plaintiff seeks an award of attorney's fees for having to prepare its "motion" at ECF No. 17, and attend the court conference on June 23. See ECF No. 17 at 2. Rule 37(a)(5) entitles a party who "successfully moves under Rule 37(a)(3) to compel disclosure or discovery" to recover "reasonable expenses and attorneys' fees." Uddin v. O'Brien Rest. Hldg. Co., LLC, No. 16-CV-2098 (RJS), 2017 WL 11674895, at *3 (S.D.N.Y. Aug. 23, 2017). But Plaintiff has not filed the requisite motion. "[A] prerequisite to seeking relief under Rule 37(a)(5)(A) is that a party first file a motion to compel," and "a joint letter presenting a discovery dispute does not suffice as a motion to compel." New Chapter, Inc. v. Advanced Nutrition by Zahler Corp., No. 22-CV-03734 (HG), 2024 WL 981055, at *5 n.5 (E.D.N.Y. Mar. 7, 2024). Here, Plaintiff filed a two-page letter. ECF No. 17. A letter describing a discovery dispute, that was then resolved at a conference without formal motion practice, does not satisfy the requirement in Rule 37 that a party have "moved" to compel disclosure. See Uddin, 2017 WL 11674895, at *3 (denying fees under Rule 37(a)(5) where party filed only joint letter laying out discovery dispute and did not formally move to compel). As such, an award of fees under Rule 37(a) is not appropriate.

If Defendant has not already done so, Defendant is hereby directed to respond to Plaintiff's interrogatories and documents requests by **August 21, 2025**. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 17.

**SO ORDERED.**

DATED:   New York, New York
         July 21, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge